18-3191-cv
*Charych, v. Siriusware. Inc.*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4ᵗʰ day of November, two thousand nineteen.

PRESENT:   BARRINGTON D. PARKER,
                      DENNY CHIN,
                      JOSEPH F. BIANCO,
                            *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HAROLD CHARYCH, MOUNTAIN PASS
SYSTEMS, LLC,

                            *Plaintiffs-Appellants,*

                      v.                                                      18-3191-cv

SIRIUSWARE, INC., UNITED STATES SUBSIDIARY
OF A UNITED KINGDOM ENTITY,
ACCESSO TECHNOLOGY GROUP, PLC, UNITED
KINGDOM PARENT ENTITY OF
SIRIUSWARE, INC., AXESS NORTH AMERICA,
LLC, UNITED STATES SUBSIDIARY OF AN
AUSTRIAN ENTITY, AXESS INTERNATIONAL, AG,
AUSTRIAN PARENT ENTITY OF AXESS
NORTH AMERICA, LLC, ACTIVE NETWORK, LLC,
FKA RESORT TECHNOLOGY
PARTNERS, LLC, VISTA EQUITY PARTNERS, LLC,
PARENT COMPANY OF ACTIVE

NETWORK, LLC, SKIDATA, INC., UNITED STATES
SUBSIDIARY OF AN AUSTRIAN ENTITY,
SKIDATA AG, AUSTRIAN PARENT ENTITY OF
SKIDATA, INC.,

$\qquad$ *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:     ROBERT G. LEINO, New York, New York.

FOR DEFENDANT-APPELLEES:     GASPARE J. BONO (John W. Lomas, Jr., *on the brief*), Dentons US LLP, Washington, D.C., *for Defendants-Appellees Siriusware, Inc. and Accesso Technology Group, PLC.*

MATTHEW SOLUM, P.C. (Alex Stone Zukerman, *on the brief*), Kirkland & Ellis, LLP, New York, New York, *for Defendants-Appellees Active Network, LLC, formerly Resort Technology Partners, LLC, and Vista Equity Partners, LLC.*

DANIEL L. BROWN, Sheppard, Mullin, Richter & Hampton LLP, New York, New York, *and* Natalie C. Segall, Segall & Banko, Park City, Utah, *on the brief, for Defendants-Appellees Axess North America LLC and Axess International, AG.*

DOUGLAS F. BRODER (Thomas A. Warnes, *on the brief*), K&L Gates LLP, New York, New York, *and* Anthony P. Badaracco, Dorsey & Whitney LLP, New York, New York, *on the brief, for Defendant-Appellees Skidata AG and Skidata, Inc.*

Appeal from the United States District Court for the Eastern District of

New York (Seybert, *J.*, and Brown, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiffs-appellants Harold Charych and Mountain Pass Systems, LLC ("plaintiffs") appeal from a judgment of the district court, entered September 25, 2018, dismissing their claims against defendants-appellees Siriusware, Inc. ("Siriuisware"), Accesso Technology Group, PLC ("Accesso"), Axess North America, LLC ("Axess"), Axess International, AG ("Axess AG"), Active Network, LLC, FKA Resort Technology Partners, LLC ("Active"), Vista Equity Partners, LLC ("Vista"), Skidata Inc. ("Skidata"), and Skidata AG ("Skidata AG"). By order entered September 25, 2018, the district court adopted a report and recommendation of the magistrate judge recommending dismissal of the fourth amended complaint (the "Complaint") pursuant to Federal Rules of Civil Procedure 12(b)(2), (b)(5) and (b)(6). The magistrate judge concluded that plaintiffs failed to serve process on three non-U.S. defendants and failed to state a claim against the remaining defendants. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. As we conclude that the district court did not err in holding that the Complaint failed to state an antitrust claim, we do not decide the service issue.

The facts alleged in the Complaint are assumed to be true. Many ski resorts in the United States utilize Radio Frequency Identification ("RFID") technology to ensure that access to their slopes is restricted to valid ticketholders. The RFID

technology is embedded into the ski lift ticket and can be automatically detected and scanned at the entry gate. This technology requires two components: management software and an RFID gate scanning product. Siriusware, Accesso, Active and Vista[1] supply management software to ski resorts, while Axess, Axess AG, Skidata, and Skidata AG[2] provide RFID gate scanning products. Siriusware and Active each respectively control 40% of the ski resort management software market.

Every ski resort that uses Skidata's gate products also uses Active's management software, and every ski resort that uses Axess's gate products uses Siriusware's management software. Skidata has a 25% ownership in Active.

Plaintiffs developed a gate-scanning product that was more accurate and less expensive. Plaintiffs' product, however, was incompatible with Active's and Siriusware's existing software. Plaintiffs sought to overcome this hurdle on two occasions by asking potential ski resort customers to inquire with their respective software management suppliers about the possibility of building a compatible interface. On both occasions, the ski resorts stopped considering plaintiffs' product after being

---

[1]     Siriusware is the U.S.-based subsidiary of Accesso, a corporation based in the United Kingdom. These entities are referred to collectively as "Siriusware." Active, formerly known as Resort Technology Partners LLC, is the subsidiary of Vista, a corporation based in California. These entities are referred to collectively in this order as "Active."

[2]     Axess is the U.S.-based subsidiary of Axess, AG, an Austrian corporation. These entities are referred to collectively as "Axess." Skidata AG, an Austrian corporation, and its U.S.-based subsidiary Skidata are referred to collectively as "Skidata."

told by the software management company that developing such an interface would be costly.

The Complaint asserts two Sherman Act claims: (1) restraint of trade against Siriusware, Accesso, Axess, Axess AG, Active, Vista, Skidata, and Skidata AG, in violation of Section 1; and (2) agreement to monopolize against Siriusware, Accesso, Axess, Axess AG, Active, Skidata, and Skidata AG, in violation of Section 2.[3] The district court concluded that the Complaint failed to state an antitrust claim because it failed to allege either an unlawful agreement to restrain trade or a monopoly. This appeal followed.

## I.    Standard of Review

We review a district court's grant of a motion to dismiss under Rule 12(b)(6) *de novo*. *See Bldg. Indus. Elec. Contractors Ass'n v. City of New York*, 678 F.3d 184, 187 (2d Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

---

[3]    The Complaint also references the Federal Trade Commission Act ("FTCA") and the Clayton Act. The district court properly declined to address these claims. There is no private right of action under the FTCA, *see Naylor v. Case & McGrath, Inc.* 585 F.2d 557, 561 (2d. Cir. 1978), and the Clayton Act provides a vehicle for private plaintiffs to sue for violations of the antitrust laws, but is not itself relevant until a primary antitrust violation -- here under the Sherman Act -- is shown. *See Kruman v. Christie's Int'l PLC*, 284 F.3d 384, 397 (2d Cir. 2002), *abrogated on other grounds by F. Hoffmann-La Roche Ltd. v. Empagran S.A.*, 542 U.S. 155 (2004).

5

"[W]e accept as true all factual allegations and draw from them all reasonable inferences; but we are not required to credit conclusory allegations or legal conclusions couched as factual . . . allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks and citation omitted).

## II.    Sherman Act Violations

### A.    Applicable Law

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. "In restraint of trade" has been read by the Supreme Court as limited to restraints that are "unreasonable." *See, e.g., State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997). To violate Section 1, the unreasonable restraint must result from an agreement between two or more entities. *See Twombly*, 550 U.S. at 553-54; *see also Mayor & City Council of Balt. Md. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d. Cir. 2013). "The crucial question in a Section 1 case is therefore whether the challenged conduct stems from independent decision or from an agreement, tacit or express." *Mayor & City Council of Balt.*, 709 F.3d at 135 (internal quotations and citation omitted).

Section 2 of the Sherman Act makes it an offense to "monopolize, or attempt to monopolize, . . . any part of the trade or commerce among the several States." 15 U.S.C. § 2. "To establish a violation of § 2, plaintiffs must prove that defendants possessed monopoly power, and willfully acquired or maintained that power in the

6

relevant market." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004).

## B. Application

The district court concluded that defendants' purported conduct was not anticompetitive because the Complaint merely alleged that defendants were "simply unwilling to bear the costs of developing an interface without reimbursement." J. App'x at 208 (citing Compl. ¶¶ 100-15). As the district court recognized, defendants were under no obligation to develop an interface that was compatible with plaintiffs' product. "[T]he Sherman Act does not restrict the long recognized right of a trader or manufacturer engaged in an entirely private business, freely to exercise his own independent discretion as to parties with whom he will deal." *Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 408 (2004) (alteration, internal quotation marks, and citation omitted). Although the Supreme Court has created a narrow exception to this general rule, plaintiffs' allegations do not fall within it. *See Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 608 (1985) (identifying a narrow exception to the right of refusal where the defendant "elected to forgo . . . short-run benefits because it was more interested in reducing competition"). Unlike in *Aspen Skiing*, there was no allegation here that defendants voluntarily withheld a service they were already providing, or could easily have provided, absent substantial time and cost.

7

The district court also did not err in concluding the Complaint failed to allege a Section 1 violation because it failed to "exclude the possibility that the alleged actions by [Siriusware] and Active represent independent . . . business actions," J. App'x at 209, or lawful parallel conduct, *see Twombly*, 550 U.S. at 556-57. Plaintiffs argue that anticompetitive agreements were indeed pleaded in the Complaint, but the "implied" vertical agreements plaintiffs alleged are insufficient. Absent evidence of an anticompetitive intent or rationale, "run-of-the-the-mill exclusive distributorship[s] . . . are presumptively legal." *Elecs. Commc'ns Corp. v. Toshiba Am. Consumer Prod., Inc.*, 129 F.3d 240, 245 (2d Cir. 1997).

The nature of the product at issue here similarly supports the district court's conclusion that defendants' agreements represent rational business decisions, not anticompetitive conduct. As plaintiffs' own allegations demonstrate, not all gate access products are inherently compatible with Active or Siriusware's software. And indeed, incompatibility can cause lift tickets not to print, leaving ski resorts unable to use them. Siriusware's and Active's preference for working with vendors whose gate products are compatible with their software, then, is easily explained by a desire to provide a workable product and satisfy customers. Plaintiffs' allegations fail because they do not "tend[ ] to exclude the possibility of independent action." *Twombly*, 550 U.S. at 554.

8

Plaintiffs also argue on appeal that the district court improperly construed a disputed fact, the actual cost of developing a software interface, in defendants' favor. While the Complaint conceded that developing the interface "would not be cheap," J. App'x at 33, it also characterized one of the defendant's price quotes for the interface as "an outlandish amount for a very small effort," J. App'x at 31. Plaintiffs contend that defendants' price quotes for developing an interface should have been construed as a refusal to deal.

The district court did not err in giving little weight to the conclusory statement in the Complaint that such an estimate was "outlandish," in light of the other allegations about the cost of developing a new interface. *See In re Elevator Antitrust Litig.*, 502 F.3d 47, 51 (2d Cir. 2007) (affirming dismissal of an action where "plaintiffs offer[ed] nothing more than conclusory allegations"). The court observed that "[e]ven assuming, *arguendo*, that the single conclusory allegation of an inflated estimate for developing an interface could be construed as a refusal to deal with plaintiffs," J. App'x at 208-09, the claim still lacked merit because defendants' conduct was reasonable as a matter of law.

Finally, plaintiffs argue that the Complaint sufficiently alleged a Section 2 tying arrangement because the software companies conditioned the sale of their product on customers also purchasing the gate products of other defendants. *See Kaufman v. Time Warner*, 836 F.3d 137, 141 (2d Cir. 2016) (describing the elements of a

Sherman Act tying claim).  The Complaint, however, failed to allege a single instance of such coercive conduct.  While Active and Siriusware indisputably recommended the products of other defendants to ski resorts, there is no allegation that either company ever refused to sell to a ski resort unless it also purchased the product of another defendant.

*   *   *

We have considered plaintiffs' remaining arguments and conclude they are without merit.  Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk